In the Interest of A.K.F., D.A.F., D.J.F., and K.D.F., Minors.

Jacqueline Denise Fort, Appellant,

v.

Greene County Juvenile Office, Respondent.

No. 26330.

Missouri Court of Appeals, Southern District, Division Two.

May 31, 2005.

Application for Transfer to Supreme Court Denied June 22, 2005.

Application for Transfer Denied Aug. 30, 2005.

John E. Kelly, Springfield, MO, for appellant.

Bill Prince, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

Jacqueline Denise Fort (mother) appeals a judgment terminating her parental rights to A.K.F., born July 14, 1993, D.A.F., born July 8, 1995, D.J.F., born August 6, 1996, and K.D.F., born October 25, 1999. The parental rights of the children's father, Kitarra Daniel James Fort (father), were also terminated. He appeals separately. This court affirms.

The appeals of mother and father were consolidated only for purposes of the record on appeal. One petition was filed in the trial court in which termination of both parents' parental rights was sought. A single evidentiary hearing was held after which parental rights were terminated.

The facts adduced from the evidence are set forth in this court's opinion in *In the Interest of A.K.F.*, 164 S.W.3d 149 (Mo. App.S.D.2005) (father's appeal). The facts recited in the opinion rendered in father's appeal are apropos to mother's appeal. They will not be restated except as necessary to address mother's point on appeal. The opinion in father's appeal should be read in conjunction with this opinion in order to understand the circumstances that led to termination of mother's parental rights.

In addition to the findings set forth in the opinion in father's appeal, the trial court found that when D.A.F. "woke up" after the incident he recited to Officer Patrick Carey of the Springfield, Missouri, Police Department and Ms. Emilie Dortch, an investigator for the Children's Division of the Missouri Division of Family Services (DFS), mother applied a cold rag to his face. Officer Carey told the trial court:

[D.A.F.] said that [mother] did not see this and was asleep when it occurred. Okay. Yes. [D.A.F.] said that when he came back—and again, his words—from the choking, he heard [father] yelling at [mother]. He said he tried to get up, but could not, and that [mother] then came into the room and put a cold rag on his face because she said that his face was red.

Mother told Officer Carey that she was asleep during the incident that D.A.F. described. She told him she works at night and sleeps during the day. Mother and father claimed that D.A.F. choked himself; that his injuries were a result of his having choked himself and of an allergy to plants outside the family's home.

The petition to terminate parental rights was filed one year after the children had been taken into protective custody on the basis of a petition alleging abuse and neglect, which allegations were found by the juvenile court to have occurred. The petition to terminate parental rights that is the subject of this appeal asserted that the children had been adjudicated to have been physically abused by father under conditions that indicated mother knew or should have known that such abuse occurred. It alleged that the children had been under the jurisdiction of the juvenile court in excess of one year without conditions that led to the assumption of jurisdiction being rectified; that there was little likelihood these conditions would be remedied at an early date; that continuation of the parent-child relationship greatly diminished the children's prospects for early integration into a stable and permanent home.

Mother presents one point on appeal. She argues the trial court erred in terminating her parental rights because it erroneously found that "(1) the biological mother was responsible for the abuse and/or neglect of the minor children and (2) the biological mother failed to rectify the conditions which led to assumption of jurisdiction"; that the trial court's determination

was against the weight of the evidence. Mother further alleges that the trial court's determination that termination of her parental rights was in the children's best interest was an abuse of discretion. She asserts that she had done nothing to warrant the children coming into alternative care and that she had "substantially complied with her service agreement"; that the children were bonded to her and wanted to come home to live with her.

Mother does not contest the trial court's finding that there had been an adjudication of abuse. Rather, she argues she was not responsible; that she did nothing to warrant the children's placement in foster care. She does not assert that she met the obligations placed on her by the service agreement that was ordered. She merely claims she "substantially complied" with it.

Section 211.447.4(2), RSMo 2000, provides for termination of parental rights when:

> The child has been abused or neglected. In determining whether to terminate parental rights pursuant to this subdivision, the court shall consider and make findings on the following conditions or acts of the parent:
>
> . . .
>
> (c) A severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family by the parent . . . or by another *under circumstances that indicate that the parent knew or should have known that such acts were being committed toward the child or any child in the family;*
> . . . . [Emphasis added.]

Our courts have consistently found that, in situations where the non-abusive parent has had their rights terminated, it is enough that they knew or should have known about the abuse by the other parent, but failed to take corrective action. *See In re E.D.M.*, 126 S.W.3d 488, 496 (Mo.App.W.D.2004) (holding that termination of father's rights was proper where he knew of mother's drug use, failed to be concerned about it, and failed to take steps to remove the children from her influence); *In the Interest of M.H.*, 859 S.W.2d 888, 895 (Mo.App. S.D.1993) (holding that termination of father's parental rights was in error where there was no showing that father knew or should have known of the acts of abuse committed by mother); *In the Interest of N.D.*, 857 S.W.2d 835, 840 (Mo.App. W.D.1993) (termination of parental rights was proper where mother knew of father's sexual abuse of the children and failed to prevent further abuse).

*In re C.M.K.*, 140 S.W.3d 219, 226 n. 11 (Mo.App.2004).

Mother's failing was in doing nothing to prevent or correct father's abuse of D.A.F. although she knew or should have known that the abuse occurred. It was that abuse that led to the placement of the children in foster care and the adjudication that D.A.F. had been abused. In determining that abuse occurred, the trial court found the testimony of mother and father not credible with respect to their claims that D.A.F. was injured by his own acts and by reason of an allergic reaction. The trial court's findings included:

> The Court in making this finding also considered that testimony of [mother] and of [father], both of whom indicated that [D.A.F.'s] injuries were the result of a combination of an allergic reaction along with the child's choking of himself, even though [father] acknowledged having pinned the child against the wall on a previous occasion. The Court, having had the opportunity to observe the parent and hear their testimony, finds the testimony of [mother] and [father] not to be credible as it relates to the injuries sustained by the minor child.

Considering the facts and reasonable inferences therefrom in a light most favorable to the judgment, the evidence supports the findings and the decision of the trial court. Based on the record before it, this court does not "firmly believe that the judgment [was] wrong." *In re C.M.D.*, 18 S.W.3d 556, 560 (Mo.App.2000). Neither does this court, considering the totality of the circumstances revealed by the evidence adduced, find that the trial court abused its discretion in determining that termination of mother's parental rights was in the children's best interest. This court will not reweigh the evidence presented at trial. *See In re D.L.W.*, 133 S.W.3d 582, 585 (Mo.App.2004). Mother's point is denied. The judgment terminating mother's parental rights is affirmed.

BATES, C.J., and BARNEY, J., concur.